UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-22069-SEITZ/SIMONTON

MUNICH RE UNDERWRITING LIMITED,

    Plaintiff,

v.

MARKEL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

This matter is before the Court on the Defendant's Motion for Transfer to the United States District Court for the Central District of California [DE-11]. Defendant asserts that this insurance coverage dispute involves an insurance policy issued in California to California insureds and thus will involve the application of California law. Plaintiff asserts that venue is proper in this district and that its choice of venue is entitled to deference. Because venue would also be proper in the Central District of California, the insurance contract is governed by California law, and any potential witnesses relevant to the execution of the contract are in California, transfer to the Central District of California is appropriate. Thus, Defendant's Motion is granted.

**Background Facts**

Plaintiff's one count complaint alleges a claim for breach of an insurance contract. Plaintiff issued an insurance policy to Steven Rogers, the owner of the vessel M/Y Whatchagonnado, to insure the vessel against physical damage. In early 2007, Rogers contracted with James Cash to arrange for the delivery of the vessel from Tortola, B.V.I. to Port Everglades,

Florida. Rogers also entered into an agreement with Marina Sailing, Inc. whereby Marina Sailing organized American Sailing Association (ASA) training classes for two students aboard the vessel and employed Cash, as a licensed ASA marine captain, to provide instruction to the students. On May 28, 2007, Cash was at the helm of the vessel, conducting instructions, when he ran the vessel aground near Stocking Island in the Bahamas. As a result of Cash's negligence, the vessel sustained damages to its hull. On May 31, 2007, Cash was again at the helm instructing students when he caused the vessel's mast to strike the bridge connecting Nassau with Paradise Island in the Bahamas. Again, as the result of Cash's negligence, the mast sustained damages. The vessel proceeded to Port Everglades where repairs were done.

Defendant issued a Commercial General Liability Policy of Insurance to ASA in California. The policy lists ASA's address in Marina Del Rey, California. Marina Sailing, as a member school of ASA, qualified as an insured under Defendant's policy. Cash, a certified ASA instructor, also qualified as an insured under Defendant's policy while instructing for a member academy or club. Both Marina Sailing and Cash are residents of California. On or about June 5, 2007, Cash gave Defendant notice of a claim under the policy based on the May 28 and 31, 2007 incidents that damaged the vessel. Defendant initiated an investigation of the claim. Ultimately, Defendant denied the claim based on an exclusion in its policy. As a result, Plaintiff, as Rogers' insurer, paid Rogers $71,031.75 for repairs to the boat. Plaintiff then sued Cash and Marina Sailing to recover its losses. Plaintiff obtained a judgment against Cash in the amount of $250,000 and a judgment against Cash and Marina Sailing for $71,031.75. As a result, Plaintiff is subrogated to the rights of Cash and Marina Sailing and brings this action against Defendant for failing to pay the claim made on its policy.

Plaintiff is a foreign corporation with its principal place of business in London, England. Plaintiff does business in Florida and California. Defendant is also a foreign corporation with its principal place of business in Virginia. Defendant is authorized to conduct business in Florida and California.

**Analysis**

Both parties agree that venue is proper in this district and that venue would also be proper in the Central District of California. Title 28 of the U.S.C. § 1404(a) permits a district court to transfer venue of an action to another district court "[f]or the convenience of parties, witnesses [or] in the interest of justice." Defendant asserts that this action should be transferred to the Central District of California pursuant to section 1404(a). Factors a court should consider in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys, Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "Where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Temington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Defendant argues that these factors weigh in favor of transfer. Specifically, Defendant contends that California law is the governing law, which a California court is in a better position

3

to construe, that all of the insureds under the contract are California residents, and that any witnesses relating to the execution of the insurance contract reside in the Central District of California. In response, Plaintiff argues that its choice of forum should be given deference, that this Court is capable of applying California law, and there are witnesses located in Florida, specifically, those witnesses relating to the repair of the vessel, the claim made under the insurance policy, and the adjusting of the claim. However, Plaintiff also states that this case involves a question of law and that witness testimony "is not required at all."

The applicable factors weigh in favor of transfer. First, because the operative facts underlying Plaintiff's cause of action did not occur in Florida, Plaintiff's choice of Florida as a forum should be given less weight. Second, the few other applicable factors all weigh in favor of transfer. Neither party disputes that California law will apply to the insurance contract. While, as Plaintiff argues, this Court is capable of applying California law, a California court is clearly more familiar with California law than this Court. Additionally, because this case is about contract interpretation, any likely witnesses are the parties to the contract, who are located in California. While Plaintiff argues that witnesses to events that occurred in Florida are located in Florida, those events are not relevant to the interpretation of the terms of the insurance contract. Plaintiff also argues that this is an issue of law and witnesses will not be necessary. However, it is possible that witnesses will be necessary if the terms of the insurance contract are ambiguous. Thus, the few factors that are present in this case weigh in favor of transferring this matter to California.

Accordingly, it is

ORDERED that Defendant's Motion for Transfer to the United States District Court for

the Central District of California [DE-11] is GRANTED.  The Clerk is directed to transfer this case to the Central District of California.

DONE and ORDERED in Miami, Florida, this 8th day of November, 2012.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record